# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **MELANIE INFINGER, Individually and as representative of the state of CAITLYNNE GUAJARDO, decedent and next friend of ALEXIS GUAJARDO, a minor,**<br><br>*Plaintiff*<br><br>vs.<br><br>**HARRIS COUNTY, TEXAS, JAMES CALLAN, COURTNEY ST. JULIAN, LISA PORTER, DIANA OLVERA, CHERYL DIGGS, EVA FLORES, LIONEL CASTRO, JOHN BOONE, CYNTHIA HENLEY, CAROL CARRIER, ALEX SALDAGO, RONNISHA BOWMAN, ERICA HUGHES, SHANNON BALDWIN, DAVID FLEISCHER, KELLEY ANDREWS, ANDREW WRIGHT, FRANKLIN BYNUM, TORIA FINCH, LEE HARPER WILSON, SEDRICK WALKER II, GENESIS DRAPER, RAUL RODRIGUEZ, DAVID SINGER, TONYA JONES, and DARRELL JORDAN,**<br><br>*Defendants* | **CIVIL ACTION NO. 4:21-cv-02506**<br><br>**JURY DEMANDED** |

1

**DEFENDANT HARRIS COUNTY'S NOTICE OF RELATED CASE**

Without waiving its right to move for dismissal, answer the complaint, or file other responsive pleadings, Defendant Harris County files this Notice of Related Case advising the Court that the instant lawsuit is related to the case of *Maranda Lynn ODonnell, et al. v. Harris County, Texas, et al.*, No. 4:16-cv-01414.

Southern District of Texas Local Rule 5.2 requires parties to "advise the Court of related current or recent litigation and of directly affected non-parties." Per the allegations in the Complaint in the instant case (Doc. No. 1), Plaintiff Melanie Infinger is mounting a collateral attack on a November 21, 2019 Consent Decree signed by the Honorable Chief Judge Lee Rosenthal in *ODonnell* (Doc. No. 708) in No. 4:16-cv-01414. Specifically, Plaintiff alleges:

> 5.05 Guajardo's release was a direct result of the county's improper settlement in a case entitled, No. 4:16-dv-1414[1]; *Maranda ODonnell v. Harris County, et al*; In the United States District Court for the Southern District of Texas, Houston Division.
>
> 5.06 In *ODonnell*, the plaintiffs sued the county, the sheriff and the misdemeanor judges over the use of a bail schedule to facilitate the release of defendants charged with misdemeanor offenses. The plaintiffs alleged that the amount of money required for release of misdemeanor arrestees was determined by a generic offense-based bail schedule, and that it was the policy and practice of Harris County officials to impose the scheduled amount without considering the individual's ability to pay.[2]
>
> . . .
>
> 5.14 As stated, the parties in *ODonnell* entered into a settlement agreement that included the aforementioned revisions to local rule 9. The federal court then approved the settlement in a consent decree. However, the consent decree is not entitled to Supremacy Clause protection.
>
> 5.15 The trial court in *ODonnell* did not have the authority to grant some or all of the relief contained in the settlement. To the extent a consent decree contains elements that differ from or go beyond what a court could order in a litigated judgment, it has no more force than any other agreement between a government

---

[1] [sic] The proper citation is No. 4:16-cv-1414.

[2] Doc. 1 at ¶ 5.05-5.06.

official and a private party. *See System Federation v. Wright*, 364 U.S. 642, 651 (1961) ("the District Court's authority to adopt a consent decree comes only from the statute which the decree is intended to enforce").[3]

5.16    Additionally, in many respects the consent decree granted relief that was foreclosed by opinions which have been issued by the Fifth Circuit stemming from appeals in the *ODonnell* matter.[4]

Further, Plaintiff seeks declaratory relief that:

  (a) The *ODonnell* settlement agreement and Rule 9 of the Rules of Court for the Harris County Criminal Courts at Law ("Rule 9") violate the mandate rule, in that they did not follow both the letter and spirit of the Fifth Circuit's opinion when it remanded the case to the trial court.

  (b) The *ODonnell* settlement agreement and Rule 9 call for the outright elimination of secured bail for certain classes of defendants.

  (c) The Fifth Circuit held that any such elimination of secured bail for certain classes of defendants was improper.

  (d) The *ODonnell* settlement agreement and Rule 9 include a right to release from jail.

  (e) The Fifth Circuit held that no such right to release from jail "is in view".

  (f) Under the *ODonnell* settlement agreement and Rule 9, wealth-based detention is impermissible.

  (g) The Fifth Circuit ruled that some wealth-based detention was permissible and was contemplated.

  (h) The *ODonnell* settlement agreement and Rule 9 was not narrowly tailored to address the alleged constitutional deficiencies. Rather, it was outside the deficiencies identified in the plaintiff's complaint and as a result outside the confines of the narrow remand from the Fifth Circuit.

  (i) Because the *ODonnell* settlement agreement and Rule 9 relief were not narrowly tailored to address the alleged constitutional deficiencies, the trial court had no authority to grant such relief.

---

[3] The *System Federation* case involved a World War II-era consent decree between a railroad and its unions. The issue in that case was whether a party could petition to modify a consent decree to comply with a subsequent Congressional amendment to the Railway Labor Act. That is very different from this case, where a non-party filed an entirely new lawsuit challenging a consent decree.

[4] Doc. 1 at ¶ 5.14-5.16.

(j) The *ODonnell* settlement agreement and Rule 9 require the release of an individual accused of a crime if the accused is not provided a hearing within 48 hours of arrest.

(k) The requirement that an individual accused of a crime be released if there is no hearing within 48 hours of arrest is in direct contravention of the Fifth Circuit's dictates which stated that the property remedy under procedural due process requirements was to make weekly reports and to notify the detainees' counsel and next of kin of the delays.[5]

The *ODonnell* case was administratively closed on November 26, 2019;[6] however, Judge Rosenthal retains jurisdiction to enforce the Consent Decree:

> 137. The Court retains jurisdiction to oversee and enforce compliance with this Consent Decree and to require modifications for good cause shown in its equitable discretion. . . .[7]

The Court Monitor continues to collect data and prepare reports on Harris County's compliance with the Consent Decree,[8] and the Monitor and parties continue to file administrative documents into the record. Accordingly, Harris County believes the instant case is related to *Maranda Lynn ODonnell, et al. v. Harris County, Texas, et al.*, No. 4:16-cv-01414.

Respectfully submitted,

**Christian D. Menefee**
Harris County Attorney
Texas Bar No. 24088049
Federal (Southern District) No. 2800354

*/s/ Jonathan G. C. Fombonne*
**Jonathan G. C. Fombonne**
First Assistant County Attorney
Texas Bar No. 24102702
Federal (Southern District) No. 3016436
(713) 274-5102  (telephone)
Jonathan.Fombonne@cao.hctx.net

---

[5] Doc. 1 at ¶ 12.02.

[6] *Maranda Lynn ODonnell, et al. v. Harris County, Texas, et al.,* No. 4:16-cv-01414 at Doc. 709.

[7] *Maranda Lynn ODonnell, et al. v. Harris County, Texas, et al.,* No. 4:16-cv-01414, Doc. 709 at ¶ 137.

[8] *Maranda Lynn ODonnell, et al. v. Harris County, Texas, et al.,* No. 4:16-cv-01414 at Docs. 722 & 725.

*[signature: Seth Hopkins]*
_____
**Seth Hopkins**
Managing Counsel
Texas Bar No. 24032435
Federal (Southern District) No. 2043155
Harris County Attorney's Office
1019 Congress Plaza, 15th Floor
Houston, Texas  77002
(713) 274-5141 (telephone)
Seth.Hopkins@cao.hctx.net

**ATTORNEYS FOR HARRIS COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

I certify that on the 10th day of August, 2021, a true and correct copy of the foregoing document was delivered to all counsel of record via the CM/ECF system and served by electronic notice to all parties of record.

*[signature: Seth Hopkins]*
_____
Seth Hopkins